# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| LEE ANN P.[1] | Case No. 1:24-cv-363 |
|         Plaintiff, | |
| v. | Hopkins, J. |
| | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
|         Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff Lee Ann P. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents one claim of error, which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record.

### I. Summary of Administrative Record

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) in August 2019, claiming disability beginning as of January 17, 2019. (Tr. 201-12). Her applications were denied initially and upon reconsideration. (Tr. 124-32, 137-43). After a hearing, the ALJ issued an unfavorable decision, dated May 11, 2021, finding that Plaintiff was not under a disability as defined in the Social Security Act (Act) (Tr. 17-33). Plaintiff filed a request for review, which the Appeals Council denied, and Plaintiff appealed the denial to federal district court. (Tr. 1-8). Pursuant to the parties' joint

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

motion to remand. (Tr. 1083-85), the United States District Court for the Southern District of Ohio remanded the matter back to the ALJ for further proceedings. (Tr. 1086-88). In January 2024, Plaintiff testified at another hearing, and on March 6, 2024, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Act. (Tr. 997-1018).

Plaintiff was born in 1979 and was 40 years old on the alleged date of disability. (Tr. 31). She has a limited education and past relevant work as a sales associate.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "major depressive disorder, posttraumatic stress disorder ("PTSD"), schizoaffective depressive disorder, obesity, asthma, mild scoliosis and degenerative thoracolumbar disease, and obstructive and restrictive lung defect major depressive disorder, posttraumatic stress disorder (PTSD), schizoaffective disorder, and generalized anxiety disorder" (Tr. 1000). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> She can occasionally climb ramps, stairs, or an incline; avoid concentrated exposure to pulmonary irritants; and never climb ladders, ropes, or scaffolds or work at unprotected heights or around dangerous moving machinery. The claimant can understand and remember simple one to two-step tasks; maintain concentration, persistence, and pace sufficiently to complete simple tasks and make simple decisions; and would need a relatively isolated work station and supervisory support when first learning job tasks. They (sic) can relate on a superficial basis that requires no contact with the public, occasional interaction with coworkers, and does not involve over-the-shoulder supervisor scrutiny; and can adapt to a work setting involving routine and predictable duties in which changes are introduced slowly and

> explained in advance and where supervisory support is given with goal-setting and planning.

(Tr. 1003). Based upon the RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work but could perform other jobs that exist in significant numbers in the national economy, including routine clerk and photocopy operator. (Tr. 1017). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. (Tr. 1018.)

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by failing to properly evaluate the opinion evidence. Plaintiff's contention is not well taken.

**I. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d

525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

Plaintiff argues that the ALJ erred when evaluating the opinions of Chad Sed, Ph.D., the consultative psychologist, Martin Fritzhand, M.D., the consultative physician, and William Joshua Hensley, APRN, a nurse, and the prior administrative medical findings of the state agency psychologists. Plaintiff's contentions are unavailing.

The new regulations for evaluating medical opinions are applicable to this case because Plaintiff's claim was filed after March 27, 2017. See 20 C.F.R. § 416.920c (2017). The new regulation at 20 C.F.R. § 416.920c differs from the previous regulation at 20 C.F.R. § 416.927 in several key areas. The agency no longer has a "treating source rule" deferring to treating source opinions. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132 (Mar. 27, 2017)). Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a). Further, while the ALJ must articulate consideration of all medical opinions, the new regulations no longer mandate the "controlling weight" analysis or the "good reasons" standard in weighing a

5

treating source opinion. Compare 20 C.F.R. § 416.927(c)(2) with 20 C.F.R. § 416.920c(a), (b).

The ALJ is only required to explain how he or she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how he or she considered medical opinions. See 20 C.F.R. §§ 416.920c(b)(2)-(3).

> In practice, this means that the "supportability" factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency); 20 C.F.R. § 404.1527(c)(3), (4) (differentiating "supportability" and "consistency"); 20 C.F.R. § 404.1520c(c)(1), (2) (further clarifying the difference between "supportability" and "consistency" for purposes of the post-March 27, 2017 regulations)).

As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." 20 C.F.R. § 404.1520c(c)(1). In other words, supportability addresses whether a medical professional has sufficient justification for their own conclusions. *See Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.).

*1. Dr. Sed*

Plaintiff contends that ALJ failed to adequately evaluate Dr. Sed's opinions pursuant to Agency regulations, specifically that she failed to articulate her consideration of supportability and consistency as outlined in 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2). Plaintiff's contention lacks merit.

Notably, in March and October of 2019, Dr. Sed completed a psychological consultative evaluation of Plaintiff (Tr. at 306-10, 379-83). Dr. Sed indicated that Plaintiff's impairments "may" hinder her abilities in the areas of understanding, remembering and carrying out instructions; maintaining attention and concentration, and maintaining persistence and pace; and performing simple tasks and multi-step tasks; and in responding appropriately to work pressures in a work setting. (Tr. 1015, citing Tr. 309-10, 382-83. He also noted that she would not respond appropriately to work pressure at present. (Tr. 310, 383).

In formulating Plaintiff's RFC, the ALJ found Dr. Sed's opinions were "not persuasive, "because the statement the claimant 'may' be limited is vague and lacking specificity on the claimant's functioning". (Tr. 1015). As to Dr. Sed's "assigned limitations regarding the claimant's ability to interact with others, Dr. Sed supported this assessment by evidence of past work behavior; however, the finding the claimant can interact with others without limitation is not consistent with the treatment history or the objective findings of record." Id.  The ALJ further noted that the record shows the Plaintiff has demonstrated a depressed and anxious mood and affect, has some intermittent thought processing difficulties, and has been noted during some examinations to be tearful or

7

crying.  However, the ALJ determined that such evidence indicates moderate limitations in the ability to interact with others. (Tr. 1015).

Upon careful consideration the undersigned finds that the ALJ properly outlined her rationale for the weight he assigned to Dr. Sed and her reasoning is supported by substantial evidence.  Namely, as noted by the ALJ, Dr. Sed's finding that Plaintiff "may" be limited is vague and lacking specificity regarding Plaintiff's functioning.  (Tr. 1015). Notably, Dr. Sed did not outline any specific functional limitations.  As such, the ALJ properly found his opinions were not persuasive. *See Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 431 (6th Cir. 2018) (finding that the ALJ relied upon substantial evidence where, inter alia, the ALJ gave little weight to an opinion that he noted was " 'quite vague, as she did not actually propose any specific functional limitations that would preclude the claimant from returning to 'productive employment' "); *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 564 (6th Cir. 2014) (no error in omitting equivocal restrictions; doctor had described only possible restrictions using "may" and "seems"); *see also Benson v. Comm'r of Soc. Sec.*, No. 3:19-cv-2804, 2021 WL 804150, at *3 (N.D. Ohio Mar. 2, 2021) ("Other judges have found no error in the failure to include limitations phrased in non-definitive language.") (citing *Golden v. Berryhill*, No. 3:18-CV-227, 2019 WL 2109322, at *7 (N.D. Ohio Feb. 28, 2019), rep. & rec. adopted sub nom. *Golden v. Comm'r of Soc. Sec.*, 2019 WL 2106566 (N.D. Ohio May 14, 2019) (finding substantial evidence supports the ALJ's determination not to include certain limitations "as Dr. Hill indicated these limitations not as requirements, but rather as possibilities, as she wrote that Plaintiff 'may need' these additional [limitations].").

*2. Dr. Fritzhand*

Next, Plaintiff argues that the ALJ erred in weighing the opinion of Dr. Fritzhand, who performed a consultative examination of Plaintiff in December 2019. (Tr. 385-96). Notably, upon examination, Dr. Fritzhand opined that that Plaintiff appeared incapable of a mild amount of ambulating, standing, bending kneeling, pushing, pulling, and lifting and carrying heavy objects. (Tr. 391).

In formulating Plaintiff's RFC, the ALJ found that Dr. Fritzhand's assessment is not persuasive because it is not supported by the results of the December 2019 exam, showing ambulation with a normal gait, being comfortable in both the sitting and supine positions, clear lungs, normal range of motion of most joints except diminished adduction of hips bilaterally by 10 degrees, normal neurological exam with brisk deep tendon reflexes, the ability to squat full, intact sensation, and no muscle weakness or atrophy. (Tr. 1013). The ALJ noted that these findings show Dr. Frizhand relied primarily on the Plaintiff's subjective complaints instead of the objective clinical findings. *Id*.

The ALJ also found that the treatment records are not consistent with this opinion. In this regard, the ALJ noted that Plaintiff's treatment history and other diagnostic testing were not consistent with Dr. Fritzhand's extreme limitations. (Tr. 1014). Namely, the ALJ indicated that x-rays of the Plaintiff's abdomen only revealed degenerative thoracolumbar spine features with mild scoliosis, the Plaintiff stopped treatment for her shoulder impingement in 2020, and that she has not received specific treatment for her back impairments. The ALJ also determined that obesity and respiratory issues are not so extreme as to require such limitations, and Plaintiff testified at the hearing that the two-liter O2 use is primarily at night and for two hours in the morning. (Tr. 1014).

9

Plaintiff argues, however, that the ALJ's decision is not substantially supported in this regard because the ALJ made no reference to the December 2019 spirometric testing citied by Dr. Frizthand which showed moderately severe restriction and very mild obstruction. (Tr. 395). However, as noted by the Commissioner, the ALJ discussed the pulmonary function test at step three of sequential process, noting that the result did not meet the criteria for a listed impairment. (Tr. 1001). The ALJ also pointed out that Plaintiff did not require hospitalization for any breathing exacerbation. (Tr.1001, 402, 410, 502, 695-728, 1405, 1424, 1619, 1643, 1723). The ALJ also cited the December pulmonary test during steps four and five when evaluating the prior administrative medical findings, noting that FVC was 2.35 and FEV1 was 2.01.  The ALJ also noted that in February 2020 Plaintiff's lungs showed mild expiratory wheezing but no retractions, resulting in an assessment of mild intermittent asthma. (Tr. 1067, citing Tr.108-09). As such, Plaintiff's assertion lacks merit.

Here. the ALJ rejected Dr. Frizthand's findings because they were unsupported and inconsistent with Plaintiff's treatment history and objective findings. The ALJ also noted that Dr. Fritzhand improperly relied on Plaintiff's subjective complaints. The ALJ's consideration of Dr. Fritzhand's opinions was done in accordance with Agency regulations and controlling law.  See 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2); See also *Anderson,* 195 Fed. Appx.366, 370 (6th Cir. 2006 (An ALJ need not credit a treating physician opinion that is conclusory and unsupported).*Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) ("Dr. Sonke's conclusion regarding the amount of weight that Warner could lift regularly appears to be based not upon his own medical conclusion, but upon . . . Warner's own assessment of his weight lifting limitations."); see *Sims v.*

10

*Comm'r of Soc. Sec.*, No. 09–5773, 2011 WL 180789, at *3 (6th Cir. Jan. 19, 2011) ("The ALJ correctly noted that Dr. Spencer's conclusory opinion about plaintiff's ability to work was based largely on plaintiff's subjective complaints and was not supported by other medical evidence in the record.").

### 3. State Agency Psychologists

Plaintiff also asserts that the ALJ failed to properly evaluate the prior administrative findings of state agency psychologists, Dr. Johnston and Dr. Matyi. Plaintiff's assertions are not well-taken.

Notably, in October 2019, Dr. Matyi indicated the claimant had moderate limitation in her ability to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, and set realistic goals or make plans independently of others. (Tr 1015) (internal citations omitted).

Dr. Matyi noted the claimant could comprehend and remember simple (1 to 2 step) and occasional complex/detailed (3 to 5 step) instructions; carry out simple and occasional detailed/complex tasks, maintain attention, make simple decisions,

11

adequately adhere to a schedule, and need relatively isolated work station and supervisory support when first learning job tasks; adequately relate on a superficial basis in an environment that entails infrequent public contact, minimal interaction with coworkers, and no over-the-shoulder supervision scrutiny; and adapt to a setting in which duties are routine and predictable in which changes are introduced slowly and explained in advance, requiring supervisory support with goal setting and planning. Id.  In June 2020, Dr. Johnston affirmed Dr. Matyi's assessment. (Exhibit 8A).

The ALJ determined that these assessments were partially persuasive. Specifically, the ALJ found that the opinion that Plaintiff could perform complex or detailed work is not supported by their notations of the record, including the consultative examination findings and they are not consistent with the treatment record showing continued difficulties with mood regulation, though this is, in part, due to noncompliance with treatment. As such, the ALJ determined that this portion of the opinions were not persuasive. Id.

Plaintiff, however, argues that this determination was made in error because the state agency psychologists' assessment limiting Plaintiff to an environment that entails infrequent public contact, *minimal* interaction with coworkers, and no over-the-shoulder supervisor scrutiny is inherently inconsistent with the ALJ's RFC allowing for *occasional* interaction with coworkers. Plaintiff then cites to the VE testimony at the hearing that he could not provide any examples of sedentary work in an isolated work setting. Plaintiff's contentions are unavailing.

Other than asserting that minimal interaction with coworkers and occasional interaction with coworkers is "inherently inconsistent," Plaintiff fails to develop this

12

argument in any meaningful way. The Court has no obligation to search the record to develop and support the arguments of the parties. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir.2006). Rather, the Court's review is limited to the specific issues the parties raise. Id. Plaintiff's conclusory and unsupported allegations fail to identify or sufficiently explain whether the record contains evidence that is inconsistent with the ALJ's findings. Furthermore, as cited by the Commissioner, the ALJ's occasional interaction limitation accounted for the minimal interaction limitation as both describe the quantity of interaction. *See Stamper v. Comm'r of Soc. Sec.*, 2019 WL 2437813, *5 (N.D. Ohio May 8, 2019) (providing that the state agency imitation to minimal interaction was adequately encompassed by the ALJ RFC limitation to occasional interaction).

    *4. Mr. Hensley*

Last, Plaintiff argues that the ALJ erred by failing to articulate how persuasive she found the opinion of Mr. Hensley, Plaintiff's treating nurse. Notably, in November 2019, Mr. Hensley completed a "Certificate of Medical Necessity: Oxygen" opining that Plaintiff needed oxygen two hours during the day and eight hours during the night, and she would require oxygen for the duration of her life. (Tr. 992). In her decision, the ALJ noted that Mr. Hensley completed this certificate and noted the claimant's required use of oxygen, and that she would require oxygen for the rest of her life. (Tr. 1006). She noted it is not clear why Plaintiff was placed on two hours of daytime oxygen because no further testing was performed, and the Plaintiff's clinical findings remained stable. Id. The ALJ also determined that Plaintiff's use of oxygen in the morning did not significantly limit her ability to work. (Tr. 1005).

13

In light of the foregoing, the undersigned finds that the ALJ properly evaluated the opinion evidence. As noted by the Commissioner, as long as the ALJ's decision, when read as a whole, shows that she substantively considered the supportability and consistency factors, the ALJ's decision must be affirmed. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (recognizing that the ALJ's decision should be read as a whole when determining whether his consideration of the opinion evidence was consistent with the regulations). Such is the case here.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LEE ANN P.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

Case No. 1:24-cv-363

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).