**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LEE ANN P.,                 :
                              :
      *Plaintiff*,            :    Case No. 1:24-cv-00363
                              :
v.                            :    Judge Jeffery P. Hopkins
                              :
COMMISSIONER OF SOCIAL     :
SECURITY,                     :
                              :
      *Defendant*.          :

---

## ORDER

---

Before the Court is the Report and Recommendation (Doc. 12) (the "R&R") issued by Chief Magistrate Judge Stephanie K. Bowman on August 29, 2025. The Magistrate Judge recommends that this Court affirm the Social Security Commissioner's non-disability determination as to Plaintiff Lee Ann P. ("Plaintiff"). Doc. 12, PageID 2006. Plaintiff has filed objections to the R&R, asserting that the administrative law judge (the "ALJ") erred in evaluating the opinion evidence of medical professionals, Drs. Chad Sed and Martin Fritzhand and the administrative medical findings of state agency psychologists, Drs. Irma Johnston and Cindy Matyi. Doc. 13. For the reasons stated below, Plaintiff's objections (Doc. 13) are **OVERRULED**, the Magistrate Judge's R&R (Doc. 12) is **ADOPTED** in its entirety, and the Commissioner's non-disability decision is **AFFIRMED**.

## I.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation issued by a magistrate judge, the District Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

1

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1). The Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Here, like in any Social Security appeal, the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 Fed. App'x. 315, 320 (6th Cir. 2015) (internal quotation marks omitted). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Secretary of Health & Human Services*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, this threshold "is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). On review, if a court finds that an ALJ's decision is supported by substantial evidence, that decision must be affirmed even if "substantial evidence exists in the record to support a different conclusion." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

## II. LAW & ANALYSIS

Upon review, Plaintiff's objections fail. By law, an ALJ evaluating the medical opinions of someone seeking disability benefits must consider five factors regarding those opinions: (1) supportability; (2) consistency; (3) the medical professional's relationship with Plaintiff; (4) specialization; and (5) other factors, including the factors "that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c)(1)–(5). Of the five factors, two are most critical.[1] 20 C.F.R § 416.920c(a) ("The

---

[1]  Importantly, for both factors—supportability and consistency—the "ALJ must explain how they were considered." *Jacqueline B. v. Bisignano*, No. 2:25-cv-295, 2026 WL 332387, at *2 (S.D. Ohio Feb. 9, 2026); *see* 20 C.F.R. § 416.920c(b)(2). "[S]upportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*,

most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability and consistency.") (cleaned up). Plaintiff's objections stem from the ALJ's evaluation of certain medical opinions[2], particularly the opinions of consultative psychologist, Dr. Chad Sed; consultative physician, Dr. Martin Fritzhand; and state agency psychologists, Drs. Irma Johnston and Cindy Mayti. In Plaintiff's view, the ALJ did not properly consider the supportability and consistency factors as to these opinions. The Court takes each medical opinion in turn.

*Dr. Chad Sed.* Plaintiff first objects on the basis that the ALJ failed to consider the supportability factor with respect to Dr. Sed's medical opinion. Doc. 13, PageID 2009–10. However, the record shows otherwise. According to Plaintiff, the ALJ did not properly take into account two important factors: (1) Dr. Sed's medical opinion that she would not respond appropriately to work pressure, "evidenced by her performance on tasks and topics in the supportive clinical environment" (Doc. 7-7, PageID 343); and (2) Plaintiff's crying spells, pressured speech, and barely adequate performance on tasks (Doc. 7-7, PageID 341; Doc. 7-14, PageID 1538). This Court disagrees. In this case, like in others where plaintiffs have exhibited similar conditions and voiced similar complaints, "the ALJ . . . is tasked with interpreting medical opinions in light of the totality of the evidence." *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 564 (6th Cir. 2014); *see Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("When viewed as a whole, . . . the ALJ's decision shows that she indeed

---

No. 5:20-cv-1291, 2021 WL 1697919, at *10, n.6 (N.D. Ohio Apr. 29, 2021). And "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." 20 C.F.R. § 404.1520c.

2  Plaintiff's social security claim was filed September 2019. Doc. 7-5, PageID 240. Since Plaintiff's claim was filed after March 27, 2017, the new regulations for evaluating medical opinions are applicable to her case. *See* 20 C.F.R. § 416.920c. Under the new regulations, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's own] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must, however, articulate consideration of all medical opinions. 20 C.F.R. § 416.920c(b).

weighed all of the mental-health opinions presented to her. . . [therefore] the ALJ's opinion on a whole was consistent with the regulations."). In addition, it must be stated that under the new regulations, the ALJ was not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [Plaintiff's own] medical sources." 20 C.F.R. § 416.920c(a).

The Court finds, on the whole, that the ALJ properly addressed Dr. Sed's medical opinion relative to Plaintiff's condition, ability to respond appropriately to work pressure, and her performance on tasks. The ALJ correctly recognized Dr. Sed's evaluation of Plaintiff and her "depressed and anxious mood and affect, . . . some intermittent thought processing difficulties, and . . . tearful[ness] or crying." Doc. 7-9, PageID 1050. However, the ALJ ultimately determined that Plaintiff's limitations were only "moderate" as to her "ability to interact with others." *Id*. Here, too, the record shows that the ALJ properly considered Plaintiff's anxiety, difficulty processing information, and tearfulness, and adequately addressed Dr. Sed's medical opinion, in relation to Plaintiff's ability or inability to perform well on tasks, and her ability to respond to pressures and the "crying spells" (or anxiety) she experienced. Doc. 7-14, PageID 1538. In other words, contrary to Plaintiff's argument, the ALJ adequately addressed Dr. Sed's opinion.

Next, the record shows that Dr. Sed plainly stated that Plaintiff's impairments "may*"* hinder her abilities for understanding, remembering, and carrying out instructions, maintaining attention and concentration, maintaining persistence and pace, and performing simple tasks and multi-step tasks, and in responding appropriately to work pressure in a work setting. Doc. 7-7, PageID 416; Doc. 7-9, PageID 1050. But after reviewing Dr. Sed's report, the ALJ explained that the medical opinion stating that Plaintiff "'may' be limited [was] vague

4

and lack[ed] specificity," and was thus unpersuasive. Doc. 7-9, PageID 1050. *See Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 431 (6th Cir. 2018) (stating that the ALJ properly gave little weight to an opinion that was "quite vague"); *see also Benson v. Comm'r of Soc. Sec.*, No. 3:19-cv-2804, 2021 WL 804150, at *3 (N.D. Ohio Mar. 2, 2021) ("Other judges have found no error in the failure to include limitations phrased in non-definitive language.") (citing *Golden v. Berryhill*, No. 3:18-cv-227, 2019 WL 2109322, at *7 (N.D. Ohio Feb. 28, 2019) (R&R adopted). Under the circumstances, the Court finds that the ALJ properly considered Dr. Sed's evaluation. Moreover, the ALJ fully considered whether or not Plaintiff could perform well on tasks at work by addressing Plaintiff's levels of "understanding, remembering and carrying out instructions." Doc. 7-9, PageID 1050; Doc. 7-7, PageID 416. Ultimately, the Magistrate Judge found that the ALJ evaluated and articulated Dr. Sed's support and considered the referenced consultative evaluations as required. The Court agrees.

**Dr. Fritzhand**. Plaintiff next contends that the ALJ failed to "meaningfully engage" with the supportability factor in her review of Dr. Fritzhand's opinion. Doc. 13, PageID 2010. The Court disagrees. Dr. Fritzhand found that "[Plaintiff] appear[ed] incapable of performing even a mild amount of ambulating, standing, bending, kneeling, pushing, pulling, lifting, and carrying heavy objects" based on the testing performed. Doc. 7-7, PageID 424. However, upon review, the ALJ reasonably concluded that Dr. Fritzhand's medical opinion was unsupported, inconsistent, and, importantly, "relied primarily on [Plaintiff's] subjective complaints" in Dr. Fritzhand's formulation of the medical opinion expressed. Doc. 7-9, PageID 1048–49. Moreover, even in light of Dr. Fritzhand's medical opinion, the ALJ found that Plaintiff's December 2019 exam showed "ambulation with a normal gait, being comfortable in both the sitting and supine positions, clear lungs . . . normal range of motion

5

of most joints except diminished adduction of hips bilaterally by 10 degrees, normal neurological exam with brisk deep tendon reflexes, the ability to squat full, intact sensation, and no muscle weakness or atrophy." *Id.*; *see* Doc. 7-7, PageID 423. In addition, the ALJ also found, among other things, that Plaintiff's obesity and respiratory issues were not so extreme as to require the limitations recommended by Dr. Fritzhand. Doc. 7-9, PageID 1049.

Thus, looking at the totality of the evidence, the ALJ found that Plaintiff's treatment history and the results from other diagnostic testing were inconsistent with Dr. Fritzhand's proposed limitations. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 391 (6th Cir. 2004) ("Dr. Sonke's conclusion regarding the amount of weight that Warner could lift regularly appears to be based not upon his own medical conclusion, but upon . . . Warner's own assessment of his weight lifting limitations."); *see Sims v. Comm'r of Soc. Sec.*, No. 09–5773, 2011 WL 180789, at *3 (6th Cir. Jan. 19, 2011) ("The ALJ correctly noted that Dr. Spencer's conclusory opinion about plaintiff's ability to work was based largely on plaintiff's subjective complaints and was not supported by other medical evidence in the record."). Under the circumstances, the Court agrees with the conclusions reached by the Magistrate Judge that the record shows that the ALJ "meaningfully engage[d]" with the supportability factor in her review of Dr. Fritzhand's opinion and found it unpersuasive. Doc. 13, PageID 2010.

***Drs. Johnston and Matyi.*** Finally, Plaintiff argues that the ALJ should have adopted the opinions of state agency psychologists, Drs. Johnston and Matyi whose medical opinions limited Plaintiff to "minimal interaction with coworkers." Doc. 7-3, PageID 139. Here, the ALJ reasonably found the state psychologists' medical opinions to be only partially persuasive, given that Plaintiff had the capacity to have "occasional interaction with coworkers." Doc. 7-10, PageID 1096. Yet, both "minimal interaction" and "occasional

interaction" suggest that Plaintiff's involvement with others will be *limited*. In other words, regardless of how it's characterized, Plaintiff will have reduced interactions with others in the workplace setting. And importantly, "there is no requirement that an ALJ adopt a State agency psychologist's opinions verbatim." *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (finding ALJ's RFC limiting Plaintiff to occasional interaction with the public not inconsistent with opinion evidence stating Plaintiff was "moderately limited in his ability to interact appropriately"); *Stamper v. Comm'r of Soc. Sec.*, No. 1:18-cv-697, 2019 WL 2437813, at *5 (N.D. Ohio May 8, 2019) ("Dr. Matyi's opinion [of minimal interaction with coworkers, and no over-the-shoulder supervisor scrutiny was] adequately encompassed by the ALJ's RFC, which limits Plaintiff to 'occasional interaction with coworkers and supervisors'") (R&R adopted). Accordingly, Plaintiff's objection is without merit.

### III. CONCLUSION

Upon de novo review, when a district court finds that an ALJ's decision is supported by substantial evidence, that decision must be affirmed even if "substantial evidence exists in the record to support a different conclusion." *Felisky*, 35 F.3d at 1035. Here, the ALJ's determination was supported by substantial evidence. Therefore, Plaintiff's objections (Doc. 13) are **OVERRULED**, the Magistrate Judge's R&R (Doc. 12) is **ADOPTED** in its entirety, and the Commissioner's non-disability decision is **AFFIRMED**.

**IT IS SO ORDERED.**

March 31, 2026

Jeffery P. Hopkins
United States District Judge